FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 AUG 31  AM 10: 04

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

FRED M. BEDRAN, JR.           )
                              )
     Petitioner,              )   Civil No. 3:12-CV-970-J-34TEM
                              )
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )

### PETITION TO QUASH IRS THIRD-PARTY SUMMONS

The Petitioner, Fred M. Bedran, Jr., by and through his undersigned attorney, hereby petitions this Court to quash an improper and invalid administrative summons issued by the Internal Revenue Service ("IRS") to Jonathan H. Goodman, Esq., and support thereof states as follows:

### JURISDICTION AND VENUE

1. On or about August 21, 2012, IRS Special Agent Brenda M. Graham issued an administrative summons pursuant to 26 U.S.C. § 7602(a) directed to Jonathan H. Goodman, Esq., for the production of documents relating to the petitioner here. A copy of such summons is attached herewith as **Exhibit A**.

2. The petitioner seeks an order quashing such summons.

3. This Court has jurisdiction pursuant to 26 U.S.C. § 7609(h)(1).

4. Jonathan H. Goodman, the party summoned, is an attorney licensed to practice law in Florida, whose office is located in Jacksonville, Duval County, Florida, which is within the Middle District of Florida. See, 28 U.S.C. § 89(b). Consequently, this Court has subject matter jurisdiction over this petition because Mr. Goodman is considered to be found in this district for

purposes of 26 U.S.C. § 7609(h)(1). In addition, as indicated on the face of such summons, it is directed to Mr. Goodman at an address in Jacksonville, Florida.

## PARTIES

5. The petitioner, Fred M. Bedran, Jr., is a citizen of the United States who resides in St. Johns County, Florida.

6. Pursuant to the requirements prescribed in the IRS's summons (Form 2039, Part D) (which the IRS did not serve on petitioner), the United States of America is named as the respondent in an action such as this seeking to quash an administrative summons.

## FACTUAL AND LEGAL BASIS FOR QUASHING SUMMONS

7. The summons directed Mr. Goodman asks him to produce: (1) an antenuptial agreement for Fred Bedran, Jr. and Constance Bedran, including financial statements; (2) an antenuptial agreement for Fred Bedran, Jr., and Hollie Hoover, including financial statements; and (3) any other documents pertaining to the financial standing and/or income of Fred M. Bedran, Jr.

8. When enforcement of an IRS Summons is challenged, the government must show (i) that the summons was issued for a proper purpose; (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in the possession of the IRS; and (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons. Powell v. United States, 379 U.S. 48, 57-58 (1964).

9. The IRS failed to comply with the administrative steps required by law with respect to the issuance and service of the summons at issue in this case.

10. The IRS failed to properly service the summons which is the subject of this petition. Pursuant to 26 U.S.C. § 7609(a)(1), notice of the service of a third-party summons must be (a) given to the person about whom the summoned information is sought (the petitioner here) within three days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined, (b) such notice must be accompanied by a copy of such third-party summons, and (c) such notice must contain an explanation of the right pursuant to 26 U.S.C. § 7609(b)(2) to bring a proceeding to quash the summons.

11. Notice of the summons at issue here was not provided to the petitioner.

12. As reflected on the face of the summons at issue here, such summons was issued on August 21, 2012, and requires a response by August 31, 2012, only ten days later. Thus, even if the IRS provided notice to petitioner, the notice would have been insufficient as there was only ten days between issuance of such summons and its response date which is woefully short of the 23 days required.

13. The petitioner was not served with either a copy of the summons or an explanation of his right to seek to quash such summons as required by 26 U.S.C. § 7609(a)(1).

14. Because the petitioner received no notice of the third-party summons at issue here from the IRS, such summons calls for a response from the summoned party (Mr. Goodman here) far short of the mandated 23 days prior to the date a response is due, the petitioner is unfairly forced to assemble this petition, file it with the Court, and serve it on all appropriate parties in an extremely abbreviated period of time to ensure Mr. Goodman does not produce documentation that may or may not comply with such summoned documentation and to protect

Mr. Goodman from his obligation to comply with such summons pursuant to 26 U.S.C. § 7609(i) during the pendency of this proceeding.

15. Mr. Goodman is the petitioner's lawyer. To the extent such documents sought from Mr. Goodman in the summons at issue exist, the production of such documents will contravene the attorney-client privilege between Mr. Goodman and the petitioner. IRS summonses are subject to the traditional privileges and limitations, including the attorney-client privilege. Upjohn Company v. Commissioner, 449 U.S. 383, 395-396, 398 (1981).

16. Because of the IRS's failure to: (a) follow appropriate procedure in serving the summons at issue or (b) provide sufficient notice to the petitioner to have sufficient time to craft an appropriate petition to quash summons, the petitioner is forced to assemble this petition to quash in short order to protect his rights and interests. Had the petitioner been given the time mandated by 26 U.S.C. § 7609(a)(1), he may have realized that there are other reasons to quash the summons at issue, such as (a) relevance of any documents sought in the summons as they may have been prepared outside of the statue of limitations or (b) the summons may have been issued for an improper purpose [see, Nero Trading, LLC v. United States Department of Treasury, IRS, 570 F.3d 1244, 1248-1249 (11th Cir. 2009)].

## MEMORANDUM OF LAW

### THE IRS FAILED TO FOLLOW THE CONGRESSIONALLY MANDATED PROCEDURES BY FAILING TO PROVIDE NOTICE TO THE PETITIONER WHOSE RECORDS ARE SUBJECT TO THE SUMMONS ISSUED BY THE IRS.

The IRS failed to provide notice to the petitioner whose records could be disclosed in compliance with the summons. When the IRS issues a summons to a third-party record keeper, it must give appropriate notice to the person named in the summons. 26 U.S.C. § 7609(a); Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).

Pursuant to 26 U.S.C. § 7603(b)(2)(E), a third-party record keeper includes an attorney. The summons at issue here was directed at Jonathan H. Goodman, a lawyer licensed to practice law in the State of Florida. Indeed, the face of the summons acknowledges Mr. Goodman is a lawyer by the reference to Mr. Goodman's title as "Esq."

The summons at issue here was required to be served on the petitioner because the summons was issued to a third-party record keeper and none of the exceptions outlined in 26 U.S.C. § 7609(c)(2) apply. Thus, the petitioner has the right to initiate a proceeding to quash such summons pursuant to 26 U.S.C. § 7609(b)(2). Because the petitioner never received proper notice, the summons is defective and must be quashed.

Mr. Goodman is the petitioner's lawyer. To the extent such documents sought from Mr. Goodman in the summons at issue exist, the production of such documents will contravene the attorney-client privilege between Mr. Goodman and the petitioner. IRS summonses are subject to the traditional privileges and limitations, including the attorney-client privilege. Upjohn Company v. Commissioner, 449 U.S. 383, 395-396, 398 (1981).

## CONCLUSION

WHEREFORE, it is prayed that the Court to enter an order quashing the summons at issue in this case and prohibit the IRS from issuing a summons seeking privileged information.

FISHER, TOUSEY, LEAS & BALL, P.A.

By: _____
HARRIS L. BONNETTE, JR.
Florida Bar No. 846740
501 Riverside Avenue, Suite 600
Jacksonville, Florida 32202
Telephone:(904) 356-2600
hbonnette@fishertousey.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served pursuant to 26 U.S.C. § 7609(b)(2)(B) and Rule 4(i) of the Federal Rules of Civil Procedure on the 31st day of August, 2012, via certified mail, return receipt requested (and by other means of service as further indicated below with respect to specific parties served) on the following:

Brenda M. Graham
Special Agent
400 West Bay Street
Room 436
Jacksonville, Florida  32202
**Also via facsimile:  (904) 665-2099**

Jonathan H. Goodman, Esq.
1377 Cassat Avenue
Jacksonville, Florida  32205
**Also via facsimile:  (904) 389-7651**

Robert E. O'Neill
United States Attorney
Middle District of Florida
c/o civil process clerk
300 North Hogan Street
Suite 700
Jacksonville, Florida  32202
**Also via hand delivery**

Eric H. Holder, Jr.
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C.  20530-0001

William J. Wilkins, Chief Counsel
Internal Revenue Service
1111 Constitution Avenue N.W.
Washington, D. C.  20224

Proof of service as outlined above will be subsequently and timely filed pursuant to Rule 4(l) of the Federal Rules of Civil Procedure.

_____
HARRIS L. BONNETTE, JR.